UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-20807-KMM

BIOHEALTH MEDICAL LABORATORY,
INC., a corporation organized under the laws
of the State of Florida, PB LABORATORIES,
LLC, a limited liability company organized
under the laws of the State of Florida,

    Plaintiffs,

v.

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, a company organized under the laws
of the State of Connecticut, CIGNA HEALTH
AND LIFE INSURANCE COMPANY, a
Company organized under the laws of the State
of Connecticut,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company's (collectively, "Cigna") Motion to Dismiss Plaintiffs' Complaint (ECF No. 12). Plaintiffs BioHealth Medical Laboratory, Inc. and PB Laboratories, LLC (collectively the "Laboratories") filed a Response (ECF No. 25) and Cigna replied (ECF No. 26). The Motion is now ripe for review. For the reasons set forth below, Cigna's Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

On August 17, 2015, the Laboratories filed a six-count complaint against Cigna asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Counts I and II), and various Florida state law claims including breach of contract

(Counts III and IV), breach of fiduciary duty (Count V), and promissory estoppel (Count VI) in case number 1:15-cv-23075-KMM.  On February 1, 2016, the Court entered an Order dismissing that complaint.  *See Biohealth Med. Lab., Inc. v. Connecticut Gen. Life Ins. Co.*, No. 1:15-CV-23075-KMM, 2016 WL 375012 (S.D. Fla. Feb. 1, 2016) ("*Biohealth I*").  Most relevant to the instant Motion, this Court held in *Biohealth I* that the Laboratories "lack[ed] standing to assert claims under self-funded Cigna Plans."  *Id.* at *4.  Additionally, the Court dismissed the remainder of the Laboratories' ERISA claims (Counts I and II) without prejudice for failure to exhaust administrative remedies.  *Id*. at *6.  Finally, the Laboratories' state law claims were also dismissed without prejudice.  *Id*.

On March 2, 2016, the Laboratories timely filed a notice of appeal of the Court's Order in *Biohealth I*.  *See* Case No. 1:15-cv-23075-KMM (ECF No. 34).  According to the Laboratories' Civil Appeal Statement in Case No. 16-10978, the issue presented on appeal is "[w]hether the district court erred in finding that [the Laboratories] 'lack standing to assert claims under self-funded Cigna Plans.'"  *See* Case No. 1:16-cv-20807-KMM (ECF No. 12-2).  The appeal of *Biohealth I* is still pending in the Eleventh Circuit Court of Appeals with only the Laboratories' initial Appellants' Brief before the appellate court.[1]  Two days after filing the notice of appeal, the Laboratories filed the instant one-count Complaint against Cigna asserting claims under ERISA § 502(a)(1)(B) "to recover benefits due to the assignee of the participants or beneficiaries of an ERISA Plan."  *See* Compl. (ECF No. 1) ("*Biohealth II*").  The cause of action was originally assigned to Senior United States District Court Judge James Lawrence King but was transferred to this Court on April 28, 2016.  *See* (ECF No. 18).  With this framework in mind, the Court now turns to the arguments raised in Cigna's motion.

---

[1] A review of the docket in Case No. 16-10978 shows that Appellees' Brief is currently due to the Eleventh Circuit on June 30, 2016.

**II.     DISCUSSION**

Cigna offers multiple grounds for dismissal of this action.  First, Cigna asserts that the Laboratories have yet to exhaust their administrative remedies per this Court's Order in *Biohealth I.  See* Defs.' Mot. to Dismiss (ECF No. 12) at 4–7.  Second, Cigna argues that this Court is divested of jurisdiction over this cause of action due to the Laboratories' appeal of the Court's Order in *Biohealth I. Id*. at 7–8.  Alternatively, Cigna suggests the Court should exercise its discretion to stay the case pending resolution of the appeal of *Biohealth I*.[2]  *Id.* at 8–10.

In opposition to Cigna's motion, the Laboratories claim that there are no further remedies to exhaust and thus Cigna's administrative remedy process should be deemed exhausted or otherwise excused as futile.  *See* Pls.' Opp'n (ECF No. 25) at 3–5.  As to the appeal of *Biohealth I*, the Laboratories' main assertion is that the issue before the Eleventh Circuit "does not relate to this case" and "the issues before the two courts are different."  *Id.* at 5–10; *see also id.* at 2 ("The appeal does not have any impact on the claims arising out of the insurance policies issued by Cigna.").  Lastly, the Laboratories argue that Cigna's request for a stay is "outweighed by the harm to the Laboratories if this matter is needlessly delayed."  *Id.* at 3.  For the reasons that follow, the Motion is granted as this Court lacks subject matter jurisdiction over the case.

A.     <u>Applicable Legal Standard</u>

It is well established that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (noting that the rule set forth in *Griggs* "is fundamental to a hierarchical judiciary").  As a general matter, "'[t]he filing of a

---

[2]   The Court need not address Cigna's argument regarding the applicability of the first-to-file rule as the jurisdictional argument discussed *infra* is dispositive.

notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (quoting *Griggs*, 459 U.S. at 58)). "This serves to avoid the confusion and waste of time that would result from dual jurisdiction." *Id.* (citing *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986)). The Eleventh Circuit has noted, however, "certain exceptions to this rule exist." *United States v. Noblitt*, 343 F. App'x 544, 546 (11th Cir. 2009). For example, the "rule regarding divestiture of jurisdiction . . . does not apply to collateral matters not affecting the questions presented on appeal." *Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999).

      B.     <u>The Court Lacks Jurisdiction Over This Cause of Action</u>

As previously mentioned, the Laboratories devote a significant amount of their opposition to dismissal advancing the argument that the *Biohealth I* appeal is of a discrete legal issue that is factually disjointed from those claims present in the *Biohealth II* Complaint. *See* (ECF No. 25) at 5–10. According to the Laboratories, the *Biohealth I* "appeal only relates to the Laboratories' standing to pursue claims arising out of self-funded plans. The appeal does not have any impact on the claims arising out of the insurance policies issued by Cigna." *Id.* at 2. Seizing upon the "those aspects" language of *Griggs*, the Laboratories assert that—by moving for dismissal based on a lack of jurisdiction—Cigna fails to recognize the important caveat that allows this Court to consider "issues that are wholly collateral to those raised on appeal" in *Biohealth I. Id.* at 6–7. The Laboratories place great emphasis upon the notion that the Eleventh Circuit's ruling in *Biohealth I* "may expand the number of claims in [*Biohealth II*], but will not alter the underlying legal question of" Cigna's liability. *Id.* at 10.

4

The logic employed by the Laboratories' in an attempt to paint the claims in *Biohealth II* as collateral matters to the *Biohealth I* appeal is "a bit like a mean stepsister trying to push her big foot into one of Cinderella's tiny glass slippers." *Dewitt v. Proctor Hosp.*, 517 F.3d 944, 948 (7th Cir. 2008). The rationale just doesn't fit. To begin with, a comparison of the two complaints leads one to the rapid realization that Count I of the *Biohealth II* Complaint is virtually the "mirror image" of Count I of the complaint in *Biohealth I*.[3] Moreover, the *Biohealth II* Complaint is replete with express and implicit references to self-funded plans.[4]

One paragraph of the *Biohealth II* Complaint is most damaging to the Laboratories' barren bid to draw a distinction between the two matters. Paragraph 14, states in pertinent part:

> Because Cigna also provides administrative services to patients with self-funded health plans, the relevant assignments include language, specifically the terms "indemnity agreement" and "collateral source," designed to convey the intent of the Laboratories and the patients that the assignment included claims and benefits arising out of the self-funded health plans.

*Id.* ¶ 14. This statement alone is sufficient to show that the issue on appeal in *Biohealth I*—the Laboratories' standing to pursue claims arising out of self-funded plans—is inextricably intertwined with those claims present in *Biohealth II*. As it stands, the Court does not have the oracular ability to determine—upon a review of the claims attached in Composite Exhibit "B" of the *Biohealth II* Complaint—which of those claims arise from self-funded plans administered by Cigna versus those that arise from any insurance policies issued by Cigna. It may be some, it may be all. To this question, the Court cannot divine the answer at all.

---

[3] One difference between the two complaints is that Paragraph 49 of the Complaint lacks a prefatory clause previously present in Paragraph 37 of the *Biohealth I* Complaint. Specifically, the phrase, "[t]o the extent that the Cigna Plans are issued pursuant to an employee benefit plan," is now omitted from the Complaint. *See* Compl. (ECF No. 1) at 9. A review of the 6,000 disputed claims provided to Cigna in *Biohealth I*, and the updated table of all claims in this cause of action, show only non-material formatting changes. *See* Defs.' Exh. 3 (ECF No. 12-3).

[4] *See e.g.*, *Biohealth II* Compl. (ECF No. 1) ¶¶ 9, 14, 20, 36, 47–51.

5

### III.    CONCLUSION

Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, it is ORDERED AND ADJUDGED that Cigna's Motion to Dismiss Plaintiffs' Complaint (ECF No. 12) is GRANTED. This cause of action is DISMISSED for want of jurisdiction. The Clerk of the Court is instructed to CLOSE this case. All other pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of June, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:     All counsel of record